**Jocelyn Alba APELO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–76667.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 27, 2007.

Jocelyn Alba Apelo, Chino, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Saul E. Greenstein, DOJ—U.S. Department of Justice,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Jocelyn Alba Apelo, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen proceedings so as to apply for relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Kamalthas v. INS,* 251 F.3d 1279, 1281 (9th Cir.2001), we deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen as untimely because it was filed more than 90 days after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Apelo did not establish that the motion fell within any exception to the 90–day limit. Apelo does not cite any authority for her contention that motions seeking CAT relief are excepted from the 90–day limit. *Cf. Khourassany v. INS,* 208 F.3d 1096, 1099 (9th Cir.2000) (explaining that the exception in 8 C.F.R. § 1208.18(b)(2) applies only to final orders issued before March 22, 1999).

We do not reach Apelo's contentions regarding prima facie eligibility for CAT relief.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.